PLYMOUTH COUNTY
Docket Report

## 2383CV00946 Moore, Jason vs. Primo Water Corporation

| | | |
|---|---|---|
| **CASE TYPE:** Contract / Business Cases | **FILE DATE:** | 12/20/2023 |
| **ACTION CODE:** A02 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** Goods Sold and Delivered | | |
| **CASE DISPOSITION DATE:** 02/27/2024 | **CASE STATUS :** | Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE :** | 02/27/2024 |
| **CASE JUDGE:** | **CASE SESSION:** | Civil A Brockton |

### DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 03/19/2024 | 01/31/2024 |
| Rule 15 Served By | 04/18/2024 | 02/27/2024 |
| Rule 12/19/20 Served By | 04/18/2024 | 02/27/2024 |
| Answer | 04/18/2024 | 02/27/2024 |
| Rule 15 Filed By | 05/20/2024 | 02/27/2024 |
| Rule 12/19/20 Filed By | 05/20/2024 | 02/27/2024 |
| Rule 12/19/20 Heard By | 06/17/2024 | 02/27/2024 |
| Rule 15 Heard By | 06/17/2024 | 02/27/2024 |
| Discovery | 10/15/2024 | 02/27/2024 |
| Rule 56 Served By | 11/14/2024 | 02/27/2024 |
| Rule 56 Filed By | 12/16/2024 | 02/27/2024 |
| Final Pre-Trial Conference | 04/14/2025 | 02/27/2024 |
| Judgment | 12/19/2025 | 02/27/2024 |

### PARTIES

| | |
|---|---|
| **Plaintiff**<br>Moore, Jason | **Attorney** 677222<br>Jeffrey Graham Thorn<br>Thorn Law PLLC<br>Thorn Law PLLC<br>90 Canal St<br>Fourth Floor<br>Boston, MA 02114<br>Work Phone (617) 835-6681<br>Added Date: 12/20/2023 |
| **Defendant**<br>Primo Water Corporation<br>1150 Assembly Drive<br>Suite 800<br>Tampa, FL 33607 | **Attorney** 681285<br>Lawrence G Scarborough<br>Faegre Drinker Biddle and Reath LLP<br>Faegre Drinker Biddle and Reath LLP<br>1177 Ave of the Americas<br>41st Floor<br>New York, NY 10036<br>Work Phone (212) 248-3140<br>Added Date: 02/28/2024 |

A TRUE COPY ATTEST

Clerk of Courts

**PLYMOUTH COUNTY**
**Docket Report**

## FINANCIAL DETAILS

| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
|------|--------------------------|----------|------|-----------|---------|
| 12/21/2023 | Civil Filing Fee (per Plaintiff) Receipt: 23696 Date: 12/21/2023 | 240.00 | 240.00 | 0.00 | 0.00 |
| 12/21/2023 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 23696 Date: 12/21/2023 | 20.00 | 20.00 | 0.00 | 0.00 |
| 12/21/2023 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 23696 Date: 12/21/2023 | 15.00 | 15.00 | 0.00 | 0.00 |
| | **Total** | **275.00** | **275.00** | **0.00** | **0.00** |

## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|------|-----|-------------|-------|
| 12/20/2023 | 1 | Complaint electronically filed. | |
| 12/20/2023 | 2 | Civil action cover sheet filed. | |
| 12/20/2023 | | Demand for jury trial entered.<br><br>Applies To: Thorn, Esq., Jeffrey Graham (Attorney) on behalf of Moore, Jason (Plaintiff) | |
| 12/20/2023 | | Case assigned to:<br>DCM Track F - Fast Track was added on 12/21/2023 | |
| 12/20/2023 | | Claim filed under 93A | |
| 12/20/2023 | 3 | Notice of 93A complaint sent to Attorney General | |
| 12/21/2023 | | EDocument sent:<br><br>Tracking Order<br>Sent On: 12/21/2023 10:21:17<br>Notice Sent To: Jeffrey Graham Thorn, Esq. jgt@jgthornlaw.com<br>Notice Sent To: Primo Water Corporation 1150 Assembly Drive Suite 800, Tampa, FL 33607 | |
| 12/21/2023 | | Case sent to Plymouth Superior - BROCKTON Location. | |
| 02/20/2024 | 4 | Service Returned for<br>Defendant Primo Water Corporation: Service accepted by counsel; Michael James | |
| 02/20/2024 | 5 | Plaintiff Jason Moore's Notice of Removal to Federal Court | |
| 02/27/2024 | | Case transferred to another court. | |
| 02/28/2024 | | Attorney appearance<br>On this date Lawrence G Scarborough, Esq. added for Defendant Primo Water Corporation | |

A TRUE COPY ATTEST
Clerk of Courts

5

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

| | |
|---|---|
| JASON MOORE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PRIMO WATER CORPORATION,<br><br>Defendant. | Superior Court<br>Civil Action No. 2823CV00946 |

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT OF THE TRIAL COURT
PLYMOUTH COUNTY

FEB 20 2024

Clerk of C

## NOTICE OF REMOVAL TO FEDERAL COURT

TO CLERK OF PLYMOUTH COUNTY SUPERIOR COURT, STATE OF MASSACHUSETTS

AND PLAINTIFF JASON MOORE:

PLEASE TAKE NOTICE that Defendant Primo Water Corporation filed a Notice of Removal of this action in the United States District Court for the District of Massachusetts on February 20, 2024. A copy of the Notice of Removal (without exhibits) is attached to this Notice as Exhibit A and is served contemporaneously herewith.

Dated: February 20, 2024

Respectfully submitted,

By: /s/ Lawrence G. Scarborough
    Lawrence G. Scarborough (BBO No. 681285)
    FAEGRE DRINKER BIDDLE & REATH LLP
    1177 Avenue of the Americas, 41st Floor
    New York, New York 10036
    Telephone: (212) 248-3140
    lawrence.scarborough@faegredrinker.com

    *Attorneys for Defendant*

Clerk of Courts

<u>**CERTIFICATE OF SERVICE**</u>

I, Lawrence G. Scarborough, hereby certify that, on February 20, 2024, a true and correct copy of the foregoing Notice of Removal to Federal Court was served by email transmission and First-Class Mail upon counsel of record as follows:

Jeffrey Thorn
Thorn Law PLLC
90 Canal Street, Suite 120
Boston, Massachusetts 02114
jgt@thornlawpllc.com
*Attorneys for Plaintiff*

/s/ Lawrence G. Scarborough

A TRUE COPY ATTEST
Clerk of Courts

# CIVIL ACTION COVER SHEET

**DOCKET NUMBER** 2383CV00946

## Trial Court of Massachusetts
## The Superior Court

COUNTY

| | | | |
|---|---|---|---|
| **Plaintiff** | Jason Moore | **Defendant:** | Primo Water Corporation |
| **ADDRESS:** | Rockland, Massachusetts | **ADDRESS:** | 1150 Assembly Drive, Suite 800 |
| | | | Tampa, Florida 33607 |
| | | | |
| **Plaintiff Attorney:** | Jeffrey Thorn, Thorn Law PLLC | **Defendant Attorney:** | |
| **ADDRESS:** | 90 Canal Street | **ADDRESS:** | |
| Suite 120 | | | |
| Boston, MA 02114 | | | |
| **BBO:** | 677222 | **BBO:** | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A02; D03 | Injunctive Relief; Recovery of Money Damages | F | ☒ YES   ☐ NO |

**\*If "Other" please describe:**

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☒ YES   ☐ NO | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

### TORT CLAIMS

A. Documented medical expenses to date

    1. Total hospital expenses

    2. Total doctor expenses

    3. Total chiropractic expenses

    4. Total physical therapy expenses

    5. Total other expenses (describe below)

> FILED
> COMMONWEALTH OF MASSACHUSETTS
> SUPERIOR COURT DEPT. OF THE TRIAL COURT
> PLYMOUTH COUNTY
>
> DEC. 2 0 2023
>
> *[signature]*
> Clerk of Court

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

TOTAL (A-F): $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Based on false representations, Plaintiff was induced to purchase Primo Water products, and at a price premium. Plaintiff seeks equitable relief on behalf of a class to remedy Defendant's false advertising and "bait and switch" sales.

A TRUE COPY ATTEST

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | M.G.L. c. 93A Violations; M.G.L. c. 266 91 Violations; Unjust Enrichment (Class-Wide) | $50,000.00 |
| | Total | $50,000.00 |

Signature of Attorney/Self-Represented Plaintiff: X _[signature]_    Date: 12-20-23

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

N/A

## CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X _[signature]_    Date: 12-20-23

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2383CV00946 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Moore, Jason vs. Primo Water Corporation | | Robert S. Creedon, Jr., Clerk of Courts Plymouth County |
| TO: File Copy | | COURT NAME & ADDRESS Plymouth County Superior Court - Brockton 72 Belmont Street Brockton, MA 02301 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 03/19/2024 | |
| Response to the complaint filed (also see MRCP 12) | | 04/18/2024 | |
| All motions under MRCP 12, 19, and 20 | 04/18/2024 | 05/20/2024 | 06/17/2024 |
| All motions under MRCP 15 | 04/18/2024 | 05/20/2024 | 06/17/2024 |
| All discovery requests **and depositions** served and non-expert depositions completed | 10/15/2024 | | |
| All motions under MRCP 56 | 11/14/2024 | 12/16/2024 | |
| Final pre-trial conference held and/or firm trial date set | | | 04/14/2025 |
| Case shall be resolved and judgment shall issue by | | | 12/19/2025 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.**

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 12/21/2023 | ASSISTANT CLERK | PHONE |
|---|---|---|

Date/Time Printed: 12-21-2023 10:21:21                                                                                      SCV026\ 08/2018



| NOTICE TO ATTORNEY GENERAL OF COMPLAINT ON CHAPTER 93A ACTION | DOCKET NUMBER 2383CV00946 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Moore, Jason vs. Primo Water Corporation | Robert S. Creedon, Jr., Clerk of Courts Plymouth County |
|---|---|

*File Copy*

COURT NAME & ADDRESS
Plymouth County Superior Court - Brockton
72 Belmont Street
Brockton, MA 02301

Pursuant to G.L. c. 93A, § 10, enclosed is a copy of the complaint seeking relief under G.L. c. 93A. The action was filed in this court on 12/20/2023.



A TRUE COPY ATTEST

Clerk of Courts

| DATE 12/21/2023 | CLERK OF COURTS Robert S. Creedon, Jr., Clerk of Courts |
|---|---|

Date/Time Printed: 12-21-2023 10:24:00

SCV089\ 02/2023

| **Summons** | CIVIL DOCKET NO. 2383cv00946 | Trial Court of Massachusetts **The Superior Court** 4 |
|---|---|---|

| CASE NAME: Jason Moore vs. Primo Water Corporation | RMS# 24-2548 R# 907 | John E. Powers III    Acting Clerk of Courts |
| | Plaintiff(s) | Suffolk    County |
| | | COURT NAME & ADDRESS: |
| | | Suffolk Superior Civil Court    SERVED |
| | | Three Pemberton Square    Michael Jones |
| | | Boston, MA. 02108    TRUE COPY |
| | | Month    31    Day    Year |
| | Defendant(s) | Time 8:45 AM PM |

THIS SUMMONS IS DIRECTED TO  Primo Water Corporation  (Defendant's name)  Hillsborough County, Florida

BY  Tom Sheely

DEPUTY SHERIFF

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the                    Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business,                    Court
    (address), by mail, in person, or electronically through
the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

5A5e

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT
CIVIL ACTION NO.
2383CV00946

)
JASON MOORE,                                     )
on behalf of himself and all                     )
others similarly situated,                       )
*Plaintiff,*                                     )
                                                 )
vs.                                              )
                                                 )
PRIMO WATER CORPORATION,                         )
*Defendant.*                                     )
                                                 )

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

DEC 2 0 2023

*[signature]*
Clerk of Court

## INDIVIDUAL AND CLASS ACTION COMPLAINT

Plaintiff Jason Moore, individually and on behalf of all similarly situated persons, alleges the following against Defendant Primo Water Corporation ("Primo"), upon personal knowledge as to his own acts, and upon information and belief as to all other matters.

### I.    NATURE OF THE ACTION

1.    Plaintiff brings this action, individually, for economic damages he has suffered under the Massachusetts Consumer Protection Act, M.G.L. c. 93A, and common law.

2.    Plaintiff further brings the action, as a class action, for injunctive relief under the Massachusetts Consumer Protection Act, M.G.L. c. 93A, and common law, on behalf of all persons who have attempted, and/or are attempting, to purchase Primo and Primo products (the "Products") distributed and/or sold by Defendant Primo within the Commonwealth of Massachusetts, as well as for monetary damages for those who have purchased such Products at a price premium detailed below.

1

3.    Through false claims in its Products' advertising, labeling, and packaging, Defendant Primo has falsely represented to consumers the prevalence of Primo refill stations throughout Massachusetts, and thus has falsely represented the availability and price of Primo water.

4.    By making such claims on the advertising, labeling, and packing of these Products, Defendant captures a price premium upon Primo products, such as Primo bottles and dispensers, purchased by individuals who wish to use the Primo refill stations, but believe they are more prevalent and easily accessed than is true.

5.    Defendant has also engaged in a common course of deceptive and unlawful conduct in connection with its distribution and sale of these Products.

6.    After consumers are provided with a location for obtaining refills of Primo water, they then visit locations which have no refill centers and are directed to the only available option – bottled Products – which sell at a significantly higher price with more profit for Defendant.

## II.    PARTIES, JURISDICTION, AND VENUE

7.    Plaintiff brings this action in his individual capacity and on behalf of all similarly situated individuals.

8.    Plaintiff Jason Moore is a resident of Plymouth County, Massachusetts. Within the last four (4) years, Mr. Moore has purchased Primo products and attempted to purchase Primo water from advertised refill stations within Massachusetts.

9.    Defendant Primo Corporation is a Florida corporation with its principal place of business in Tampa, Florida.  At all times relevant hereto, Primo has engaged in the business of manufacturing, promoting, marketing, distributing, and/or selling purified water. Primo conducts business in Massachusetts, and at all relevant times manufactured, promoted, marketed, distributed and/or sold purified water in interstate commerce and in Massachusetts.

2

### III.   FACTUAL ALLEGATIONS

10.    In the summer of 2023, Mr. Moore made the decision to begin drinking purified water.

11.    At that time, and prior to making any purchases, Mr. Moore took the opportunity to evaluate the many, many different options available.  He looked at the advertising of, and products available from, Pure Life, Culligan, Nestle Water, and Primo.

*Primo Advertising and Claims*

12.    Primo's advertising made clear that Primo provides three options for purchasing water within Massachusetts: a customer may subscribe to a delivery service (where bottled water is delivered); a customer may purchase filled bottles of Primo (receiving a credit for handing in empty bottles); or a customer may refill their containers from one of Primo's refill stations.

13.    Specific to the Refill Option, Primo advertised (and continues to advertise) that it operates 23,500 locations across the United States, that there were "thousands of retail locations nationwide," and that the "Self-Service Refill Water" was "easily accessible" and "conveniently located."  Exhibit A (available at https://primowater.com/self-service-refill-water/).

14.    Primo continues to make these claims today on its website:

- "Self-Service Refill Water is easily accessible and surprisingly affordable because safer water shouldn't be hard to come by."

- "Conveniently located and easy to use, our self-service refill stations make getting fresh filtered drinking water simple and surprisingly affordable—as it should be!"

- "Just bring whatever container that fits your need to any one of our 23,500 retail locations across the US and Canada and fill'er up."

- "Primo and Glacier Self-Service Refill Water Stations are located at thousands of retail locations nationwide, and they offer high-quality water at a low price per gallon. Simply bring your bottle to the store nearest you and fill it up."

- "Refill as often as you need on your schedule.  Indoor and outdoor retail location for easy, convenient refills.

3

Exhibit A (screenshots of website claims made at Shop.water.com/water-refill and primowater.com).

15.     In reliance upon these claims, Mr. Moore determined that Primo best fit his needs specifically based on the refilling options that Primo advertised.  He understood Primo's refill locations to be numerous, accessible, and convenient.  Further, he valued the ability to refill his own bottles, which seemed more affordable, more secure, more convenient, more hygienic, and environmentally friendlier than either a delivery service or a bottle exchange.

16.     Primo's claims concerning its Refill options, however, turned out to be false, serving only to bring potential Primo customers to sites where the more expensive Primo bottle exchange options were offered.

17.     The FTC and the Massachusetts Attorney General's Office define "bait advertising" as an alluring but insincere offer to sell product or service which the advertiser in truth does not intend or want to sell.  Here, in determining that Primo met his needs because of its advertising of easy, cheap, convenient, accessible refill water, Mr. Moore took the "bait."

          *Mr. Moore's Purchase of Primo Products*

18.     After evaluation of the options available, Mr. Moore determined that he would purchase Primo water and Primo products.

19.     In order to assure that he had a fully-functioning – and compatible – Primo refilling system, Mr. Moore purchased both a Primo dispenser and Primo bottles.

20.     On June 25, 2023, Mr. Moore purchased a Primo Dispenser.  He did so through Lowe's.  The product description highlighted the fact that the dispenser was for use with Primo water, and was compatible with the 3-gallon and 5-gallon jugs dispensed by Primo.  The total price was $37.15

21.    On June 26, 2023, Mr. Moore purchased a package of two new Primo 5-gallon bottles (empty) for sale through Primo's website. The total price was $41.43.

22.    Mr. Moore was willing to pay these amounts for those products, for the purpose of using those products with other Primo products including the Primo refill stations, and in reliance on Primo's claims that Primo water would be available at "easily accessible" locations in close proximity to his home.

### Mr. Moore's Attempt to Locate Primo Refill Stations

23.    Subsequent to making these purchases, Mr. Moore has made repeated efforts to make use of the Refill Station options for Primo which Primo states are "conveniently located."

24.    Per its advertising, Primo claims to operate 23,500 refill station locations throughout the United States and Canada.

25.    A reasonable Massachusetts consumer would expect that Primo would operate at least a few hundred refill sites in Massachusetts.

26.    Primo disrupts any effort by a consumer to verify the number of locations, however, by refusing to disclose any full list of its water refill sites.

27.    On its website, and within its advertising, Primo does not provide any full list of refill locations throughout the United States or Massachusetts.

28.    Similarly, when contacted, Primo customer service representatives will not provide a full list of refill locations throughout Massachusetts.

29.    Primo instead limits customers (and even its own customer service representatives) inquiries to listing a single specific geographical location and then use a map search tool to determine if there are Refill Sites within an undisclosed "close proximity" to that location.

30.    In order to determine available sites, a consumer thus must search site-by-site-by-site.

5

31.     If a consumer were to conduct such a site-by-site search, they would learn that throughout the entirety of Massachusetts, Primo lists only 31 refill stations within the state.

*Mr. Moore's Attempt to Use the Listed Primo Refill Stations*

32.     Even more, however, of these 31 Refill Sites within Massachusetts which Primo claims, 10 or more do not exist, and of the remaining 21, others are not functioning.

33.     For example, Primo lists two "Refill Sites" as relatively close to Mr. Moore.  The first of these sites is in a Walmart SuperCenter in Avon, MA; the second of these sites is in a Walmart SuperCenter in Halifax, Massachusetts.

34.     On July 12, 2023, Mr. Moore visited the Walmart SuperCenter in Avon, MA.  At that time, the Primo refill station quite simply was not functioning.  Mr. Moore could not obtain Primo from it.

35.     On July 14, 2023, Mr. Moore visited the Walmart SuperCenter in Halifax, Massachusetts. Multiple staff at that SuperCenter unequivocally indicated to Mr. Moore that there was no Primo refill station, nor could they remember there ever being one.  Instead, that location offered only Primo Water's more expensive bottle exchange option.

36.     Of the 3 refill sites which Primo advertises in Mr. Moore's county of residence, Plymouth County, Massachusetts, only one site (in Wareham, Massachusetts) actually provides refilling options, while the other two (in Plymouth, Massachusetts and in Halifax, Massachusetts) maintain only the more expensive bottle exchanges. Exhibit A (displaying refill center map and locations).

37.     In fact, of the 31 refill sites which Primo claims in Massachusetts, at least 10 of those have absolutely no refill option – in direct contradiction to Primo Water's advertising and advertised claims. Instead, those sites maintain only more expensive bottle exchanges for Primo.

6

38.    Even more, Primo has not registered those 10 sites with the Massachusetts Department of Environmental Protection Drinking Water Program in either 2022 or 2023. In fact, there appear to have never been Primo refill stations there.

39.    Upon information and belief, these same misrepresentations are true for certain Primo refill stations advertised outside of Massachusetts.

*Mr. Moore Incurs Additional Costs Because of Primo's False Advertising*

40.    Because Primo does not operate "easily accessible" and "conveniently located" refill centers throughout Massachusetts, and has falsely advertised refill stations which do not exist, Mr. Moore has incurred additional costs and been damaged.

41.    First, Mr. Moore has travelled, in reliance upon Primo advertising, to locations where Primo water is simply not available for refilling bottles.

42.    Second, Mr. Moore has had to purchase his Primo water through Primo bottle exchange stations on numerous occasions, at a premium far in excess of the refill price.

43.    This constitutes the "switch." The FTC and Massachusetts' Attorney General's Office note that a "switch" exists when the advertiser's purpose was to switch consumers from buying the advertised merchandise or service in order to sell something else, usually at a higher price or on a basis more advantageous to the advertiser.

44.    Here, instead of purchasing water alone (advertised at $0.39 per gallon at the out-of-order refill station in Avon, MA, for example), Mr. Moore has repeatedly been only able to obtain Primo's water through purchase of 5-gallon bottles of Primo for approximately $13.98. Each time he has made these payments, even when receiving a $7 credit for turning in his empty bottle, he still paid a total of $6.99 (or $1.40 per gallon) rather than $1.95 (at $0.39 per gallon).

45.     Third, Primo's actions, in advertising Primo refill stations as available when they are not, have allowed – and continues to allow – Primo to market and sell its Products at a significant mark-up.

46.     Mr. Moore was willing to pay a price premium for Primo products such as the dispenser and Primo bottles, because they were compatible with "easily accessible" Primo refill stations. Those stations, however, are not easily accessible.

47.     For example, Mr. Moore paid a total price of $41.43 for two empty Primo bottles from Primo's website. Mr. Moore would not have purchased those empty new bottles if he had understood that the refill option was so limited, or that he would need to purchase water through a bottle exchange.

48.     As noted above, Lowe's exchange discount for two empty bottles would be only $14 total, far below the $41.42 price charged by Primo.

49.     Mr. Moore and others pay this price and then receive absolutely no extra value.

50.     Further, beyond allowing Primo to inflate its prices, Primo's actions entirely undercut the purpose of Mr. Moore having purchased empty bottles from Primo in the first place – to obtain a more hygienic, environmentally friendly option.

51.     The Massachusetts Consumer Protection Act proscribes "unfair or deceptive acts or practices in the conduct of trade or commerce." M.G.L. c. 93A. Primo's advertising regarding the availability of its Refill Stations constitutes a violation of Massachusetts' M.G.L. c. 93A – both in misleading consumers, and in allowing Primo to market its Products at a price premium.

*Massachusetts Laws Prohibit the False and Deceptive Marketing of Such Products*

52.     M.G.L. c. 93A protects Massachusetts consumers from "unfair or deceptive acts or practices in the conduct of any trade or commerce," including the false and deceptive marketing of products.

8

53.     On July 28, 2023, Mr. Moore sent Defendant a M.G.L. c. 93A demand letter through counsel, demanding that Defendant cease its false advertising and marketing, and compensate consumers for damages. Exhibit B (demand letter dated July 28, 2023 with proof of service).

54.     Defendant received this letter but provided no response and made no reasonable offer a settlement.

55.     To this day, Defendant continues to advertise and market the existence of its refill stations, as well as its related products, falsely.

IV.    CLASS ACTION ALLEGATIONS

56.     Plaintiff brings this action on his own behalf and on behalf of a Class of all others similarly situated, pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure and M.G.L. c. 93A, § 9(2).

57.     The Class that Plaintiff seeks to represent consists of all persons who purchased Defendant's Products in Massachusetts during the Class Period. The Class Period commences on the first date that Defendant placed its Products into the stream of commerce in Massachusetts, and runs until the date of entry of final judgment in this action.

58.     The Class is composed of numerous persons, the joinder of whom is impracticable except by means of a class action. The disposition of their claims in a class action will benefit both the parties and the Court.

59.     There is a well-defined community of interest in the questions of law and fact involving and affecting the parties to be represented. Common questions of law and fact exist and such common questions predominate over any question of law or fact which may affect only individual Class members. Such common questions include the following:

    a.  Whether Defendant misrepresented the Products;

9

b.  Whether the Defendant violated M.G.L. c. 93A, §2 and the common law through a common course of deceptive conduct as alleged herein;

c.  Whether by reason of Defendant's violations of M.G.L. c. 93A the Plaintiff and the Class are entitled to recover actual or statutory damages;

d.  Whether by reason of Defendant's violations of M.G.L. c. 93A the Plaintiff and the Class are entitled to recover multiple damages;

e.  Whether by reason of Defendant's violations of M.G.L. c. 93A Defendant should be required to refund all sums which Plaintiff and the Class Members paid for the products in Massachusetts during the Class Period, or whether Defendant should be required to disgorge all profits which it made on account of these products;

f.  Whether Defendant was unjustly enriched at the expense of the Plaintiff and the Class members; and

g.  The nature and extent of any additional relief which the Class is entitled to recover under M.G.L. c. 93A or the common law.

60.  Plaintiff asserts claims that are typical of the claims of the entire Class. He will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests antagonistic to those of the Class. Plaintiff has retained counsel who is competent and experienced in class action litigation.

61.  Defendant has acted or refused to act on grounds generally applicable to all the members of the Class, thereby making final relief concerning the Class as a whole appropriate.

62.  Plaintiff and the Class have suffered injury and damages as a result of Defendant's wrongful conduct as alleged herein.  Absent a representative action, Class members will

continue to suffer injury, thereby allowing these alleged violations of law to proceed without remedy, and allowing Defendant to retain the proceeds of its ill-gotten gains.

63.    Plaintiff anticipates that there will be no difficulty in the management of this litigation. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### COUNT I:  UNTRUE AND MISLEADING ADVERTISING UNDER M.G.L. c. 266 §91

64.    Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs as though set forth fully herein.

65.    Defendant's labeling, advertising, marketing, and promotion of the Products is untrue, deceptive and misleading in violation of M.G.L. c. 266 §91.

66.    At all times relevant, Defendant knew or, upon reasonable investigation, could have ascertained that its labeling, advertising, marketing, and promotion of its Products was untrue, deceptive, and misleading.

67.    Defendant's untrue, deceptive, and misleading labeling, advertising, marketing, and promotion of the Products has continued throughout the Class period, and is continuing as of the present date.

68.    As a purchaser of the Products who was injured by Defendant's false and misleading advertising (in that Plaintiff and other Class members purchased products that did not conform to the representations made about them by Defendant as set forth above), Plaintiff is entitled to and does bring this class action to seek all available remedies under M.G.L. c. 266 §91, including injunctive relief. The injunctive relief would include an Order directing Defendant to cease its false and misleading labeling and advertising, retrieve existing false and misleading advertising and promotional materials, and publish corrective advertising.

69.    Plaintiff has suffered injury in fact as a result of Defendant's conduct because he purchased the Products.

## COUNT II: DECEPTIVE AND UNFAIR TRADE PRACTICES

70.    Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs as though set forth fully herein and further allege:

71.    This claim is brought pursuant to M.G.L. c. 93A, §§2 and 9.

72.    At all times relevant hereto, Plaintiff and the Class were "persons" within the meaning of M.G.L. c. 93A, §1(a) and are entitled to relief under the Act in accordance with M.G.L. 93A, §9.

73.    At all times relevant hereto, Defendant was engaged in "trade or commerce" as defined by M.G.L. c. 93A, §1(b).

74.    Plaintiff and the Class entered into consumer transactions with Defendant by purchasing products from Defendant.

75.    As heretofore alleged, during the course of these transactions, Defendant engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices, in the conduct of trade or commerce, in violation of M.G.L. c. 93A, §2.

76.    Defendant's false statements have caused consumers to have acted differently than they would have acted in the absence of such statements.

77.    Defendant's acts, practices and conduct were willful and knowing violations of M.G.L. c. 93A, §2 and invaded the rights of the Plaintiff and the Class to be free from deceptive business practices.

78.    As a direct result of these violations, Plaintiff and the Class are entitled to judgment under M.G.L. c. 93A (a) awarding such actual damages as they may prove, or statutory

damages, tripled, and (b) requiring Defendant to refund all sums Plaintiff and the Class Members paid to purchase these Products in Massachusetts during the Class Period or to disgorge all profits which they made on account of such Products sold to Plaintiff or members of the Class in Massachusetts during the Class Period.

79.    More than 30 days prior to filing the initial Complaint in this action, Plaintiff made a written demand for relief on Defendant pursuant to M.G.L. c. 93A, §9(3). As of the time of filing this Complaint, Plaintiff had received no reasonable offer of settlement in return.

80.    Defendant's refusal to grant relief upon demand was made in bad faith and with knowledge or reason to know that the acts or practices complained of herein violated M.G.L. c. 93A, §2.

COUNT III:  UNJUST ENRICHMENT

81.    Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs as though set forth fully herein and further allege:

82.    As stated more particularly above, Defendant sold Products by falsely and deceptively stating that its Refill Sites were prevalent and easily accessible.

83.    Defendant's practices further resulted in Plaintiff and the Class purchasing Products which increased Defendant's own ill-gotten profits.

84.    The monies paid by Plaintiff and the Class to Defendant in the purchase of these Products conferred substantial benefits upon Defendant. Defendant knew of and appreciated the benefits conferred upon it by Plaintiff and the Class and accepted and retained these benefits. By reason thereof, Defendant was unjustly enriched.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff and the Class request the following relief:

1. Certification of this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure and M.G.L. c. 93A, § 9(2), and designation of Plaintiff as the representative of the Class, and designation of his counsel as Class counsel;

2. Injunctive relief, compelling Defendant to cease its unlawful actions and, specifically to: (a) disclose to consumers the full list of refill stations available in Massachusetts; and (b) ensure that all advertised refill station locations have a functioning Primo water refill station.

3. A judgment that Defendant's conduct has violated M.G.L. c. 93A, § 2 and the common law, awarding any actual damages proved or statutory damages in the amount of $25 per violation, whichever is greater, tripled, and directing that Defendant either (a) refund all sums overpaid by Plaintiffs and the Class Members for the Products in Massachusetts during the Class Period, or (b) disgorge all profits which Defendant made on account of any such Products sold to Plaintiff or members of the Class in Massachusetts during the Class Period;

4. Prejudgment and post-judgment interest as provided by law;

5. Attorneys' fees, expenses, and costs of this action; and

6. Such further relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all other similarly situated persons, respectfully demands trial by jury on all issues raised in this Complaint so triable.

[signature page follows]

Respectfully submitted,

Jeffrey Thorn, Esq.
BBO No. 677222
Thorn Law PLLC
90 Canal Street, Suite 120
Boston, Massachusetts 02114
Phone: (617) 835-6681
Facsimile: (844) 835-6681
jgt@thornlawpllc.com

Attorney for Jason Moore

Dated:  December  20, 2023

A TRUE COPY
Clerk of Courts

15

# EXHIBIT A



Self-Service Refill Water is easily accessible and surprisingly affordable because safer water shouldn't be hard to come by. Just bring whatever container that fits your need to any one of our 23,500 retail locations across the US and Canada and fill 'er up! The quality taste of Primo® water is sure to keep you coming back. Need bottles? Shop Now >

## HOW OUR WATER REFILLING STATIONS WORK

Get your fill of Primo water whenever you need it at a Primo Water Refill Station. Conveniently located and easy to use, our self-service refill stations make getting fresh filtered drinking water simple and surprisingly affordable—as it should be!

Self-Service Refill Water is easily accessible and surprisingly affordable because safer water shouldn't be hard to come by.

Just bring whatever container that fits your need to any one of our 23,500 retail locations across the US and

Canada and fill 'er up! The quality taste of Primo® water is sure to keep you coming back. Need bottles? Shop Now >





# PRIMO® WATER REFILL STATION

Get your fill of Primo water whenever you need it at a Primo Water Refill Station. Conveniently located and easy to use, our self-service refill stations make getting fresh filtered drinking water simple and surprisingly affordable—as it should be!

## HOW IT WORKS









**BRING A BOTTLE**

Bring any empty 1, 2, 3 or 5-gallon bottle to a Primo Water Refill Station near you. Need bottles? Shop Now >

**FILL IT UP**

Fill your bottle yourself at the refill station with as much water as you need.

**DRINK IT DOWN**

Enjoy great-tasting filtered water in your coffee, tea, cooking, and of course, your cup!

**REFILL + REPEAT**

Return to refill as often as you need, whenever you need.

# PRIMO® WATER REFILL STATION

Get your fill of Primo water whenever you need it at a Primo Water Refill Station. Conveniently located and easy to use, our self-service refill stations make getting fresh filtered drinking water simple and surprisingly affordable—as it should be!



AVERAGE PRICE OF $0.50/GALLON*



## WHERE TO BUY

Primo Self-Service Refill Water is available in over 23,500 retailers in the U.S. and Canada.

---

# WHERE TO BUY

Primo Self-Service Refill Water is available in over 23,500 retailers in the U.S. and Canada.





## REFILL

- Fill any 1, 2, 3 or 5-gallon containers
- Refill as often as you need on your schedule
- Indoor and outdoor retail locations for easy, convenient refills





## FIND A LOCATION NEAR YOU



**Walmart Super Center**

295 PLYMOUTH ST
Halifax, MA, 02338 US

🚚 GET DIRECTIONS
🌐 VIEW ON MAP

Distance: 9.59 mi
Refill Location: *Inside

**Walmart Super Center**

300 COLONY PLACE RD
Plymouth, MA, 02360 US

🚚 GET DIRECTIONS
🌐 VIEW ON MAP

Distance: 2.60 mi
Refill Location: *Inside

# EXHIBIT B



# THORN LAW

WWW.THORNLAWPLLC.COM | JGT@THORNLAWPLLC.COM | 617-835-6681 | 90 CANAL STREET | SUITE 120 | BOSTON, MA 02114

**VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

Primo Water Corporation
1150 Assembly Drive, Suite 800
Tampa, FL 33607

RE:   **M.G.L. C. 93A DEMAND LETTER REGARDING PRIMO WATER PRODUCTS
ON BEHALF OF JASON MOORE**

July 28, 2023

To Whom It May Concern:

On behalf of Jason Moore, I write you to provide you with notice of violations of M.G.L. c. 93A[1] including the improper, false and deceptive marketing, advertising, and labeling of your Primo Water ("Primo") products, and to demand that you remedy these violations.

During the last year, Mr. Moore made purchase of three Primo products, including a water dispenser and two Primo five-gallon water containers (the "Products"). Mr. Moore made these purchases in reliance upon claims by Primo concerning the quality of Primo water and his ability to make use of Primo's refilling stations. Had Primo's advertised claims complied with the law and regulations regarding the Products, Mr. Moore's decision to purchase the Products would have been affected.

Primo did not meet the expectations of Mr. Moore or the claims upon its website. Mr. Moore believes his experience with Primo represents a common experience, and that Primo has misrepresented the availability of Refill Stations throughout Massachusetts in order to sell its Products to all Massachusetts consumers, and to sell those Products at an increased price, in violation of the law.

## I.   MR. MOORE'S PURCHASES OF PRIMO WATER PRODUCTS

This summer Mr. Moore determined that he wished to begin purchasing purified water. After evaluation of the options available, Mr. Moore determined that Primo Water best fit his

---

[1] M.G.L. c. 93A comprises the Massachusetts Consumer Protection Law. It prohibits false and deceptive acts in commerce and affords Massachusetts consumers remedies when they have suffered damages as a result.



2

needs. He did so based specifically on the refilling options that Primo Water advertised. Amongst other claims, Primo Water's advertising highlighted that:

- "Self-Service Refill Water is easily accessible and surprisingly affordable because safer water shouldn't be hard to come by."
- "Conveniently located and easy to use, our self-service refill stations make getting fresh filtered drinking water simple and surprisingly affordable—as it should be!"
- "Just bring whatever container that fits your need to any one of our 23,500 retail locations across the US and Canada and fill'er up."
- "Primo and Glacier Self-Service Refill Water Stations are located at thousands of retail locations nationwide, and they offer high-quality water at a low price per gallon. Simply bring your bottle to the store nearest you and fill it up."
- "Refill as often as you need on your schedule. Indoor and outdoor retail location for easy, convenient refills."
- "Average Price of $0.50/Gallon."

Exhibit 1 (screenshots of website claims made at Shop.water.com/water-refill and primowater.com). These refill claims made Primo Water "conveniently located" and by far a cheaper option than any bottle exchange service.

In order to assure that he had a fully-functioning – and compatible – Primo Water refilling system, Mr. Moore purchased both a Primo Water dispenser and Primo Water bottles. He did this in reliance on Primo's claims that Primo Water would be available at "easily accessible" locations in close proximity to his home. *See* Exhibit 2 (displaying the two locations that Primo Water claims would be closest and available to Mr. Moore).

- On June 25, 2023, Mr. Moore purchased a Primo Water Dispenser. He did so through Lowe's at a total price of $37.15.

- On June 26, 2023, Mr. Moore purchased a package of two Primo 5-gallon bottles for sale through Primo's website. The price was $38.99 plus $2.44 in tax for a total of $41.43.

## II.    PRIMO'S UNFAIR AND DECEPTIVE ACTS

Subsequent to making these purchases, Mr. Moore has made repeated efforts to make use of the advertised Refill Station options for Primo Water. The Refill Sites which are listed as "conveniently located" close to Mr. Moore's home do not exist or are not functioning.

- The Shaw's in Hanover, MA similarly had absolutely no Primo Water refill station.
- At the Walmart in Halifax, MA, the Walmart staff indicated to Mr. Moore that there was no Primo Water refill station, nor could they remember there ever being one.



3

- At the Walmart in Avon, MA, the Primo Water refill station quite simply was not functioning and displayed a certificate of registration which had expired in 2022.

Mr. Moore believes that this is a widespread phenomenon throughout Massachusetts, and a significant problem for all Primo Water customers. Ultimately, Mr. Moore purchased his Primo Water through a bottle exchange station available at Lowe's.

- The purchase price for two five-gallon bottles at Lowe's was $27.98. By comparison, Primo advertises refill stations charge, on average $0.50, for each gallon of water. As such, water that should have cost him something like $5.00 total cost him $23.00 more, and will continue to cost him that much more.
- Further, Lowe's exchange discount was only $7 for each of the two Primo Water bottles, which he had purchased at a total price of $41.43.

In short, Primo's actions, in advertising Primo refill stations as available when they are not, allowed – and continues to allow – Primo to market and sell its Products at a significant mark-up. Mr. Moore and others pay this price and then receive absolutely no extra value. Further, beyond allowing Primo to inflate its prices, Primo's actions entirely undercut the purpose of Mr. Moore having purchased empty bottles from Primo in the first place.

## III.   MASSACHUSETTS' M.G.L. C. 93A REGULATION OF ADVERTISING

### A.   M.G.L c. 93A Protections Against "Unfair or Deceptive" Acts

The Massachusetts Consumer Protection Act proscribes "unfair or deceptive acts or practices in the conduct of trade or commerce." M.G.L. c. 93A.

Primo's advertising regarding the availability of its Refill Stations constitutes a violation of Massachusetts' M.G.L. c. 93A – both in misleading consumers, and in allowing Primo to market its Products at a price premium. *See Aspinall v. Phillip Morris Companies, Inc.*, 442 Mass. 381 (2004) (recognizing individuals paid unfair premium for low tar cigarettes which were not healthier); *O'Hara v. Diageo-Guinness, USA, Inc.*, 306 F. Supp. 3d 441, 459 (D. Mass. 2018) (detailing misleading claims on website and labels and recognizing "common sense inference" of overpayment when a product is advertised to be more beneficial than it actually is); *F.T.C. v. Direct Marketing Concepts, Inc.*, 569 F. Supp. 2d 285, 308 (D. Mass. 2008) ("A presumption of actual reliance arises where the FTC has demonstrated that the defendant made material misrepresentations, that they were widely disseminated, and that consumers purchased the defendant's product or service.").

Even more, M.G.L. c. 93A provides independent guidelines for consumer class actions within the Commonwealth. Massachusetts courts have recognized that: "the public policy of the Commonwealth strongly favors [these] G.L. c. 93A class actions." *Feeney v. Dell Inc.*, 454 Mass. 192, 200 (2009). In considering certification under G.L. c. 93A, a judge must bear in mind the "'pressing need for an effective private remedy' ... and that 'traditional technicalities are not to be



4

read into the statute in such a way as to impede the accomplishment of substantial justice.'" *Aspinall v. Philip Morris Cos.*, 442 Mass. 381, 391–92 (2004) (citation omitted).

### B. Relief Allowed Under M.G.L. c. 93A

M.G.L. c.93A provides for the award of damages, injunctive relief, and attorneys' fees. Damages may be statutory or actual. M.G.L. c. 93A, § 9(3) ("if the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater"). *See, e.g., Brow v. Stanton*, 12 Mass. App. Ct. 992, 992 (1981) (consumers entitled to $25 statutory damages and attorney fees); *Geanacopoulos v. Philip Morris USA Inc.*, 2016 WL 757536, *21 (Mass. Super. Ct. Feb. 24, 2016) (court awarded statutory damages of $4,942,500 to G.L. c. 93A class, or $25 to each consumer who had purchased deceptively marketed cigarettes, where actual damages could not be established).

### IV.   DEMAND FOR RELIEF

M.G.L. c. 93A offers as a remedy both "damages and … equitable relief, including an injunction." Section 9(1).   As such, we hereby demand that Primo:

1. Provide a full accounting of the Primo Refill Stations currently operating within Massachusetts;
2. Immediately bring your Refill Stations into compliance with your advertising and claims concerning available Refill Stations within Massachusetts;

   – or –

3. Remove all claims concerning unavailable Primo Refill Stations;
4. Provide a full accounting of the sales of the Primo Products within Massachusetts within the last four years;
5. Compensate members of the class for damages which occurred where Primo Refill Stations were not available as advertised;

   – and –

6. Pay damages to all Massachusetts class members, equivalent to the M.G.L. c.93A statutory damage penalty of $25 for each class member, as well as attorneys' fees and expenses.

If we do not receive a response from you within the next 30 days, as required by M.G.L. c. 93A, we reserve the right to bring suit on behalf of the Mr. Moore, and a class of similarly situated individuals, for injunctive relief, damages, and related attorneys' fees and expense.  If you wish to discuss the matter further, you are welcome to contact me directly at 617-835-6681 or via email at jgt@thornlawpllc.com.

[signature page follows]

5

Sincerely,

Jeffrey O. Thorn, Esq.

Enclosures: Exhibits 1 and 2

# EXHIBIT 1



Self-Service Refill Water is easily accessible and surprisingly affordable because safer water shouldn't be hard to come by. Just bring whatever container that fits your need to any one of our 23,500 retail locations across the US and Canada and fill 'er up! The quality taste of Primo® water is sure to keep you coming back. Need bottles? Shop Now >

## HOW OUR WATER REFILLING STATIONS WORK

Get your fill of Primo water whenever you need it at a Primo Water Refill Station. Conveniently located and easy to use, our self-service refill stations make getting fresh filtered drinking water simple and surprisingly affordable—as it should be!

PRIMO
WATER

# PRIMO® WATER REFILL STATION



Get your fill of Primo water whenever you need it at a Primo Water Refill Station. Conveniently located and easy to use, our self-service refill stations make getting fresh filtered drinking water simple and surprisingly affordable—as it should be!

## HOW IT WORKS









**BRING A BOTTLE**

Bring any empty 1, 2, 3 or 5-gallon bottle to a Primo Water Refill Station near you. Need bottles? Shop Now >

**FILL IT UP**

Fill your bottle yourself at the refill station with as much water as you need.

**DRINK IT DOWN**

Enjoy great-tasting filtered water in your coffee, tea, cooking, and of course, your cup!

**REFILL + REPEAT**

Return to refill as often as you need, whenever you need.



AVERAGE PRICE OF $0.50/GALLON*





## WHERE TO BUY

Primo Self-Service Refill Water is available in over 23,500 retailers in the U.S. and Canada.





## WHERE TO BUY

Primo Self-Service Refill Water is available in over 23,500 retailers in the U.S. and Canada.



**REFILL**

- Fill any 1, 2, 3 or 5-gallon containers
- Refill as often as you need on your schedule
- Indoor and outdoor retail locations for easy, convenient refills

# EXHIBIT 2



# FIND A LOCATION NEAR YOU

**Walmart Super Center**

30 Memorial Dr
Avon, MA, 02322-US

GET DIRECTIONS
VIEW ON MAP

Distance: 5 mi
Refill Location: Inside

**Walmart Super Center**

295 PLYMOUTH ST
Halifax, MA, 02338 US

GET DIRECTIONS
VIEW ON MAP

Distance: 9 mi
Refill Location: Inside





Search Locations Near You

Search

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Primo Water Corporation
1150 Assembly Dr.
Suite 800
Tampa FL 33607

9590 9402 7852 2234 9615 31

2. Article Number *(Transfer from service label)*

7022 2410 0002 9026 6245

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

Samantha Moran

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt